## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## COLUMBIA DIVISION

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | NO. 1:24-cv-00068 |
| v. | ) ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE HOLMES |
| DONAVAN GAINES and DEMONDRA GAINES, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation recommending Plaintiff's Motion for Default Judgment against Defendant Demondra Gaines (Doc. No. 20) be granted and default judgment be entered against Demondra Gaines. (Doc. No. 22). The Magistrate Judge noted that Defendant Donavan Gaines does not oppose the relief sought by Plaintiff. (*See* Doc. No. 22 at 4, n. 5). The Report and Recommendation advised the parties that any objections to the Magistrate Judge's findings were to be filed within fourteen days of service. (*See* Doc. No. 22 at 10-11). No objections have been filed.

The Court has reviewed the Report and Recommendation and the record in this case and concludes that the Report and Recommendation should be **ADOPTED** and **APPROVED**. Accordingly, Plaintiff's Motion for Default Judgment against Defendant Demondra Gaines (Doc. No. 20) is **GRANTED** as follows:

1. Default judgment is hereby entered against Defendant Demondra Gaines ("Demondra") in favor of The Prudential Insurance Company of America ("Prudential") with respect to the relief sought by Prudential in its Complaint in Interpleader.

2. Prudential shall distribute to the Clerk of Court a check in the amount of $85,000.00, representing the remaining death benefits due (the "Remaining Death Benefit") as a result of the death of Katrina Y. Gaines (the "Insured") in connection with group life insurance policy number G-43939 (the "Plan"), which was issued by Prudential to Walmart, Inc. ("Walmart"), plus applicable interest, if any (the "Interpleader Funds").

3. The Clerk of Court shall deposit the Interpleader Funds into the Registry of the Court in an interest-bearing account and maintain the same pending further direction from the Court.

4. Upon deposit of the Interpleader Funds, Prudential shall be, and hereby is, discharged from any and all liability to the Defendants relating to the Insured's coverage under the Plan, the Remaining Death Benefit and/or the Interpleader Funds, and all claims, rights, interests and actions that Defendants might otherwise have held against Prudential and its present and former agents, parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators with respect to the Insured's coverage under the Plan, the Remaining Death Benefit and/or the Interpleader Funds are hereby released.

5. The Defendants shall be, and hereby are, permanently enjoined from making any further actual or implied claims, demands and causes of action, asserted or unasserted, express or implied, foreseen or unforeseen, real or imaginary, suspected or unsuspected, known or unknown, liquidated or unliquidated, of any kind or nature or description whatsoever, that the Defendants, jointly and severally, ever had, presently have, may have, or claim or assert to have, or hereinafter have, may have, or claim or

2

assert to have, against Prudential relating to the Insured's coverage under the Plan, the Remaining Death Benefit and/or the Interpleader Funds.

6. Prudential shall be, and hereby is, dismissed from this action with prejudice and without costs or fees to any party, and all complaints, claims, counterclaims, cross-complaints, and crossclaims that were asserted or could have been asserted against Prudential shall be, and hereby are, dismissed with prejudice.

7. Demondra Gaines's interest in the pre-retirement death benefit, and therefore the Interpleader Funds, is terminated upon entry of this default judgment.

8. As the sole remaining claimant, Donavon Gaines, is therefore entitled to the Interpleader Funds.

9. This action shall remain open on the Court's docket for Defendant Donovan Gaines to file a request for distribution of the Interpleader Funds.

This Order is a Final Judgment in accordance with Fed. R. Civ. P. 54(b), there being no just reason for delay. Notwithstanding entry of Final Judgment, the case will remain open for Defendant Donovan Gaines to file a request for distribution of the Interpleader Funds, which he must do within 28 days of entry of this Order.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE